PAUL L. REIN, Esq. (SBN 43053)
CELIA MCGUINNESS, Esq. (SBN
LAW OFFICES OF PAUL L. REIN
200 Lakeside Dr., Suite A
Oakland, CA 94612
(510) 832-5001

JULIE A. OSTIL, Esq. (SBN 215202)
LAW OFFICE OF JULIE A. OSTIL
2010 Crow Canyon Place, Suite 100
San Ramon, CA 94583
(925) 265-8257

PHILIP C. BOURDETTE, Esq. (SBN 47492)
MIRIAM BOURDETTE, Esq. (SBN I51980)
BOURDETTE & PARTNERS
2924 W. Main Street
Visalia, CA 93291
Telephone: 559/625-8425
Facsimile: 559/625-8491

Attorneys for Plaintiff
CLARENE WHITE

MARK HAZELWOOD (SBN 136521)
LOW BALL & LYNCH
505 Montgomery Street, 7th Floor
San Francisco, CA 94111
Telephone: (415) 981-6630
Facsimile: (415) 982-1634

Attorneys for Defendant
STATE CENTER COMMUNITY COLLEGE
DISTRICT

FILED
AUG 13 2010
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENE WHITE,<br><br>Plaintiff,<br><br>v.<br><br>STATE CENTER COMMUNITY COLLEGE DISTRICT; and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO. 1:08-CV-0444-AWI-DLB<br><u>Civil Rights</u><br><br>**CONSENT DECREE AND [PROPOSED] ORDER** |

---

Consent Decree and [Proposed] Order:
1:08-CV-0444 AWI-DLB

1

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

# CONSENT DECREE AND ORDER

1. Plaintiff CLARENE WHITE filed a Complaint in this action on March 26, 2008, to obtain recovery of damages for her discriminatory experiences, denial of access, and denial of civil rights, and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and California civil rights laws against Defendants, STATE CENTER COMMUNITY COLLEGE DISTRICT; and DOES 1-10, inclusive, relating to disabled access and accommodations for plaintiff and other disabled persons at Fresno City College as of Plaintiff's visits as alleged in the complaint, and continuing. Plaintiff has alleged that Defendants violated Title II of the ADA and sections 51, 52, 54, 54.1, 54.3 and 55 of the California Civil Code, and sections 4450 et seq., of the California Government Code by failing to provide full and equal access to disabled persons at Fresno City College in Fresno, California.

2. Defendants STATE CENTER COMMUNITY COLLEGE DISTRICT; and DOES 1-10, deny the allegations in the Complaint and by entering into this Consent Decree and Order do not admit liability to any of the allegations in Plaintiff's Complaint filed in this action. The parties hereby enter into this Consent Decree and Order for the purpose of resolving this lawsuit without the need for protracted litigation, and without the admission of any liability.

**JURISDICTION:**

3. The parties to this Consent Decree agree that the Court has jurisdiction of this matter pursuant to 28 USC §1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 USC 12101 et seq. and pursuant to supplemental jurisdiction for alleged violations of California law.

4. In order to avoid the costs, expense, and uncertainty of protracted litigation, the parties to this Consent Decree agree to entry of this Order to resolve all claims for injunctive relief raised in the Complaint filed with this Court. Accordingly, they agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's

1  claims for injunctive relief.

2      WHEREFORE, the parties to this Consent Decree hereby agree and stipulate to
3  the Court's entry of this Consent Decree and Order, which provides as follows:

5  **SETTLEMENT OF INJUNCTIVE RELIEF**:

6      5.    This Order shall be a full, complete, and final disposition and settlement of
7  Plaintiff's claims against Defendants for injunctive relief that have arisen out of the subject
8  Complaint. The parties agree that there has been no admission or finding of liability or
9  violation of the ADA and/or California civil rights laws, and this Consent Decree and Order
10 should not be construed as such.

11     6.    The parties agree and stipulate that the corrective work will be performed in
12 compliance with the standards and specifications for disabled access as set forth in the
13 California Code of Regulations, Title 24-2 and Americans with Disabilities Act Accessibility
14 Guidelines, unless other standards are specifically agreed to in this Consent Decree and Order.

15     a)    <u>Remedial Measures</u>: The corrective work agreed upon by the parties is attached
16 here to as **Attachment A**. Defendants agree to undertake all of the remedial work set forth
17 therein.

18     b)    <u>Timing of Injunctive Relief</u>: The corrective work agreed upon by the parties
19 will be completed within the time frame set forth in **Attachment B**. In the event that
20 unforeseen difficulties prevent Defendant from completing any of the agreed upon injunctive
21 relief, Defendant will notify Plaintiff's counsel in writing within 15 days of discovering the
22 delay. Defendant or its counsel will notify plaintiff's counsel when the corrective work is
23 completed, and in any case will provide a status report no later than 120 days from the entry of
24 this Consent Decree.

25     c)    <u>Notice and Opportunity to Cure</u>: If Plaintiff or her counsel believe that this
26 agreement has not been complied with, they will provide notice and an opportunity to cure to
27 Defendants as herein described. Plaintiff's counsel will provide written notice of any alleged
28 violation of the agreement to defense counsel. Within 20 days of receiving such notice,

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and [Proposed] Order:    3
1:08-CV-0444 AWI-DLB

1  Defendants or their counsel will either notify Plaintiff's counsel that the alleged defect has been
2  cured and allow Plaintiff or her representatives an opportunity to verify that the defect has been
3  corrected, or else will hold a "meet and confer" conference with Plaintiff's counsel, either by
4  telephone or in person. The parties will make a good faith effort to resolve any issue regarding
5  compliance with this Consent Decree during the meet and confer. If the parties are unable to
6  resolve the issue on their own, then Plaintiff will file a motion with the Court to enforce
7  compliance with the Consent Decree. If the parties are able to resolve the issue without court
8  intervention, Plaintiff will not make any claim for attorney fees or for statutory damages.
9  (Plaintiff does not, however, waive personal injury damages if injured.) If Plaintiff files a
10 motion, she reserves the right to seek attorney fees in connection with the enforcement
11 proceedings, if any.

**DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS:**

14  7.  The parties have not yet reached an agreement regarding Plaintiff's
15 claims for damages, attorney fees, litigation expenses and costs. These issues shall be the
16 subject of further negotiation and/or litigation.

**ENTIRE CONSENT ORDER**:

19  8.  This Consent Decree and Order, and Attachments A & B to this Consent
20 Decree, which are incorporated herein by reference as if fully set forth in this document,
21 constitute the entire agreement between the signing parties on the matters of injunctive relief,
22 and no other statement, promise, or agreement, either written or oral, made by any of the parties
23 or agents of any of the parties, that is not contained in this written Consent Decree and Order,
24 shall be enforceable regarding the matters described herein.

**CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST**:

28  9.  This Consent Decree and Order shall be binding on Plaintiff CLARENE

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and [Proposed] Order:
1:08-CV-0444 AWI-DLB

4

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

1  WHITE; Defendants STATE CENTER COMMUNITY COLLEGE DISTRICT and DOES 1-
2  10; and any successors in interest. The parties have a duty to so notify all such successors in
3  interest of the existence and terms of this Consent Decree and Order during the period of the
4  Court's jurisdiction of this Consent Decree and Order.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542:**

10. Each of the parties to this Consent Decree understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree, any or all of them will incur, suffer, or experience some further loss or damage with respect to the Lawsuit which are unknown or unanticipated at the time this Consent Decree is signed. Except for all obligations required in this Consent Decree, the parties intend that this Consent Decree apply to all such further loss with respect to the Lawsuit, except those caused by the parties subsequent to the execution of this Consent Decree. Therefore, except for all obligations required in this Consent Decree, this Consent Decree shall apply to and cover any and all claims, demands, actions and causes of action by the parties to this Consent Decree with respect to the Lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

11. Except for all obligations required in this Consent Decree, and exclusive of the referenced continuing claims for damages, statutory attorney fees, litigation expenses and costs, each of the parties to this Consent Decree, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint

Consent Decree and [Proposed] Order:
1:08-CV-0444 AWI-DLB

5

venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the Lawsuit.

**TERM OF THE CONSENT DECREE AND ORDER**:

12. This Consent Decree and Order shall be in full force and effect for a period of six months after the injunctive relief contemplated by this Order is completed. The Court shall retain jurisdiction of this action to enforce provisions of this Order for twelve months after the date of this Consent Decree.

**SEVERABILITY**:

13. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES**:

14. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: June 30, 2010

/s/ Clarene White
Plaintiff CLARENE WHITE

Dated: June   , 2010

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and [Proposed] Order:
1:08-CV-0444 AWI-DLB

6

Dated: August 9, 2010

                       /s/ Douglas Brinkley
                    DOUGLAS BRINKLEY
                    VICE CHANCELLOR – FINANCE AND ADMINISTRATION
                    Defendant STATE CENTER COMMUNITY COLLEGE DISTRICT

APPROVED AS TO FORM:

Dated: June 29, 2010                PAUL L. REIN
                                                  CELIA MCGUINNESS
                                                  LAW OFFICES OF PAUL L. REIN

                                                  JULIE A. OSTIL
                                                  LAW OFFICE OF JULIE A. OSTIL

                                                  PHILIP C. BOURDETTE
                                                  BOURDETTE & PARTNERS


                                                  ___/s/ Paul L. Rein_____
                                                  Attorneys for Plaintiff
                                                  CLARENE WHITE

Dated: August 9, 2010              MARK HAZELWOOD
                                                  LOW BALL & LYNCH



                                                  ___/s/ Mark Hazelwood_____
                                                  Attorney for Defendant
                                                  STATE CENTER COMMUNITY COLLEGE DISTRICT

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and [Proposed] Order:
1:08-CV-0444 AWI-DLB

7

## ORDER

Pursuant to stipulation, and for good cause shown, **IT IS SO ORDERED.**

Dated: 8-13-10

_____
Honorable Anthony W. Ishii
Chief United States District Judge

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and [Proposed] Order:
1:08-CV-0444 AWI-DLB

8

EXHIBIT A

Clarene White v. State Center Community College District
Case No. 1:08-cv-0444-AWI-DLB
Consent Decree and Order, Attachment A

Defendant agrees to perform the following injunctive relief. All work will be performed in compliance with ADAAG and California's Title 24-2 unless other standards are specifically agreed to herein:

I. **Policies and Provision of Accessible Desks:**
   a. **DSP&S Policies:** Defendant will make changes to its DSP&S forms to clarify its policies. Specifically, defendant will:
      i. Amend the DSP&S "Policies and Procedures" form, by adding provision No. 15 to the section "Service Provision Requirements and Student Rights and Responsibilities." Provision 15 will state: "Students receiving services through DSP&S will be assigned a counselor. If for any reason the student has a problem/issue with the counselor, the student may request another counselor. At any time, the student may also seek assistance from the SCCCD Director."
      ii. Amend the form "Notification of Authorized Services", which is directed to instructors. At the end of the first paragraph, the following sentence will be added. "Instructors are directed to the Instructor's Guide, which is part of the Faculty Manual, for working with students with disabilities."
   b. **Accessible Desks:** In every classroom on campus, one accessible desk will be provided and accessible desks will have priority ISA signage.
   c. Upon completion of a meeting to discuss accommodations for an upcoming semester, between a DSP&S Counselor and a disabled student registered with DSP&S, DSP&S will make best efforts to notify instructors of any unique problems the specific student may have that will need to be addressed by the instructor in his/her classroom.

II. **Common Areas**
   a. **Sunken Plaza in Front of Media Center:**
      i. <u>Ramp at Southeast Corner of Sunken Plaza:</u> Defendant will replace existing single handrail with compliant handrails and provide ISA signage indicating that this is the accessible route to the lower plaza.
      ii. <u>Stairs Into Sunken Plaza:</u> At all stairs into plaza, directional signage will be added, directing persons to the accessible ramp into the plaza.
      iii. <u>Tables:</u> One fully accessible table will be provided at this location.
   b. **Sunken Plaza (East)**
      i. <u>Ramp at Southeast Corner of Sunken Plaza:</u> Defendant will provide compliant handrails on this ramp and to provide ISA signage at this route.

      ii. <u>Stairs Into Sunken Plaza:</u> At all stairs into plaza, directional signage will be added, directing persons to the accessible ramp into the plaza.
      iii. <u>Tables:</u> One fully accessible table will be provided at this location.
  **c. Math Science and Engineering Building**
      i. <u>Ramp Between Plaza and North Entrance to Science Building:</u> Defendant will provide compliant handrails on this ramp.
      ii. <u>Accessible Paths of Travel Along South Side of the Science Building and Along Campus Drive:</u> Defendant will provide accessible parking in alternate locations (lots A, D, and F).
      iii. <u>Curb Ramp - East End of University Mall on West Side of Campus Drive:</u> Defendant will correct this curb ramp as to slope, landing, and tactile warning.

### III. Speech and Music Building
  **a. Accessible Routes**
      i. <u>Primary Entry Door (South Side in Center of Building):</u> Defendant will adopt a written policy, and diligently enforce such policy, that the door opener will be maintained in a working condition at all times and that this door will remain unlocked and the automatic door opener functional during all times that the building is in use.
      ii. <u>Entry Door (Southwest Corner of Building):</u> Defendant will correct the push pressure at this door and provide signage directing disabled persons to the accessible entry door.
  **b. Exterior Stairs**
      i. <u>Southwest Corner of the Building:</u> Defendant will implement a written policy requiring the elevator to be unlocked at any time the building is in use.
  **c. Drinking Fountains:** Defendant will ensure that 50% of the drinking fountains on each floor are accessible.
  **d. Elevator:** Defendant will implement a policy that the elevator will be unlocked and functional at all times that the building is in use. Additionally, the period of time that the elevator door remains open will be adjusted to at least 12 seconds.
  **e. Classrooms:** Defendant will remove the hold-open device on the bottom of all doors and replace all door hardware with lever-type door hardware.
  **f. Restrooms:** A single user unisex accessible restroom will be provided on second floor. Toilets on the first floor will have improvements as indicated on prepared drawings.

### IV. Student Services Center Building
  a. **Accessible Route**
      i. Door at Northwest Corner of Building: Defendant will adopt a written policy, and diligently enforce such policy, that the door opener will be maintained in a working condition at all times and that this door will remain unlocked and the automatic door opener functional during all times that the building is in use. Alternately, defendant will adjust the push pressure of this door so that it is compliant and will ensure that the door is unlocked at all times that the building is in use.
  b. **Exterior Ramps**
      i. Ramp at Northwest Corner of Building: Defendant will agree to install new compliant handrails on the ramp, and to provide signage to the ramp at the southeast corner of the building as the "designated accessible route."
      ii. Ramp at Southeast Corner of Building: Defendant will agree to install new compliant handrails on the ramp.
  c. **Interior Elements**
      i. Restrooms: Defendant will create a single-user unisex public restroom in the place of one of the current staff toilets. The other staff toilet will be made into a unisex staff facility.

### V. Math Sciences Building
  a. **Accessible Route**
      i. Ramp at North Side of Building: Defendant will install compliant handrails with the required extensions.
      ii. Ramp at Northwest Corner of Building: Defendant will install compliant handrails with the required extensions.
  b. **Accessible Entrance**
      i. Doormat: Defendant agree to either remove doormats or to firmly attach them to floors using double-sided tape.
      ii. Automatic Door Opener: Defendant has corrected the missing push-plate and will maintain this feature in an accessible condition.
  c. **Interior Elements**
      i. Drinking Fountains: Defendant agree to provide one accessible drinking fountain per floor.
      ii. Elevator: Defendant will implement a policy that the elevator will be unlocked and functional at all times the building is in use. Defendant will adjust the elevator dwell time (the time the elevator doors remain open) to 12 seconds so that disabled persons have adequate time to maneuver into the smaller cab.
      iii. Corridor Doors: Defendant agree to install compliant threshold ramps at the two pairs of corridor doors on the South side of the building.

      **iv.** Restrooms: Defendant will provide accessible restrooms at each floor in the building, per the approved drawings.

## VI. Library Building
  **a. Accessible Route**
      i. Ramp in Corridor Between Media Center and Library: Defendant will provide handrails at the ramp in the corridor between the media center and library.
      ii. Ramp at Northeast Corner of Library: Defendant will provide compliant handrails and will reconfigure the planter box at this location to allow for a compliant lower landing at this ramp.

  **b. Primary Entrances**
      i. Double Doors at Main Entrance to Library: Defendant will add signage to this entry indicating the direction of the accessible entrance.
      ii. Interior Entry Doors Between the Media Center and the Library: Defendant agree to implement and enforce a policy that the media center will be open and unlocked at all times that the library is open.

  **c. Interior Elements**
      i. Drinking Fountain (1st Floor Near Media Center Entrance): Defendant will provide an accessible hi-lo drinking fountain in this area.
      ii. Stairway Between Lobby of Library and Second Floor: Defendant will provide signage at this stairway directing people to the accessible route.
      iii. Primary Entrance Between Entry Lobby and Library: Defendant will adopt and enforce a written policy that these doors are to remain open during all library hours.
      iv. Information Desk: Defendant will implement and enforce a policy of providing service to disabled persons at the adjacent lowered circulation desk.
      v. Online Public Computers: Defendant will post signage directing disabled persons to the accessible computers and will adopt, post, and enforce a written policy providing priority to disabled persons at the accessible computers.
      vi. Dispenser for Xerox Machine Cards: Defendant agrees to contact the vendor to determine whether this is a vendor-provided item and if so, whether it can be altered or replaced.
      vii. Computer Room: Defendant agree to remediate the alternate accessible entrance by correcting door push pressure, adding ISA signage, opening this door up to the main circulation room so that it is not part of a "staff only" area.

      viii. West Wing of Library: Defendant will implement, conspicuously post, and enforce a policy of providing staff assistance with copy machines upon request.
      ix. Elevator: Defendant will adjust the dwell time to at least 12 seconds.
      x. Second Floor Corridor Door (Next to Room L1200): Defendant agree to leave this door propped open at all times the building is in use.
      xi. Restrooms: Improvements will be made to the first floor drawings per the approved drawings. There will be a sign at the second floor indicating accessible toilet rooms are on the first floor.

## VII. Media Center Building
### a. Accessible Route into the Building
      i. Ramp at Northeast Corner of Media Center: Defendant will modify the ends of the handrails to provide the required extensions.
      ii. (Deleted this section: improvement is already set forth in section VI(a)(2) above.)
### b. Plaza Level Around the Building
      i. Southeast Corner of the Building: Defendant will provide directional signage indicating the location of the accessible path of travel.
      ii. Cross Slope Between Language Building and Assessment Center: Defendant will provide directional signage indicating the location of the accessible path of travel.
      iii. Northeast Corner of the Assessment Center: This is the hub of the campus and the slopes and cross-slopes must be corrected. We suggest adding a wall and step around the fountain so that the walkways around the fountain can be leveled. Never agreed to
      iv. Northeast Corner of the Media Center: This is the hub of the campus and the barrier should be corrected. Never agreed to
### c. Exterior Stairs: signage will be added directing disabled persons to the accessible routes. Never agreed to
### d. Interior Elements
      i. All doors open to students: Defendant agree to correct the door pressure and provide accessible lever door hardware.
      ii. Service Counter: Defendant agree to provide an accessible portion of the main counter or an accessible auxiliary counter.
      iii. Assessment Center: Defendant agree to correct the exterior door, service counter, and path of travel to the test room.
      iv. Test Room: Defendant will adjust the door to provide compliant push pressure and relocate the furniture to allow door strike edge clearance and path of travel to the desks.

       v. <u>Restrooms:</u> Defendant agree to modify the men's and women's restrooms on the east end of the building to provide accessible restroom accommodations, as shown in the approved drawings.

## VIII. <u>Arts and Humanities Building</u>
### a. Interior Elements
      i. <u>Entry Doors:</u> Defendant will provide appropriate signage, adjust the push pressure, and install lever type hardware on all interior doors.
      ii. <u>Test Kitchen Cubicles:</u> Defendant will provide an accessible cooking station

## IX. <u>Accessible Shuttle Service</u>
### a. **Ramp Into Vehicle:** Defendant will provide a 2" guard rail along the edge of the ramp into the shuttles.

## X. <u>Parking Facilities</u>
### a. Defendant will provide accessible parking and paths of travel to and from the parking in lots A, C, D, and F according to the parking study attached hereto as Exhibit 1.

## XI. <u>Additional Barriers</u>
### a. Defendant will remove or relocate the screen installed in the floor at the student bookstore.

# EXHIBIT B

**Clarene White v. State Center Community College District**
**Case No.: 1:08-CV-0444-AWI-DLB**
**Consent Decree and Order, Attachment B**

## Common Areas

a)   <u>Sunken Plazas</u>

Directional signage in the agreed-to areas will be completed by December 31, 2010.
Accessible tables will be installed by September 31, 2010.
Handrails in all agreed to areas will be replaced by September 1, 2011.

b)   <u>Math Sciences Building</u>

Handrails in all agreed to areas will be replaced by December 31, 2011.
Curb ramp in agreed to area will be replaced by December 31, 2011.

## Speech and Music Building

Drinking fountains in the agreed-to locations will improved/replaced by December 31, 2012.
Door-knobs will be replaced with levers by December 31, 2010.
Restroom improvements will be completed by September 1, 2011.
Push-pressure to entry doors will be checked/adjusted by September 1, 2010.
Written policy concerning main entry door and elevator to be completed by September 1, 2010.
Closing speed of elevator will be adjusted by September 1, 2010.

## Student Services Center Building

Handrails in all agreed to areas will be replaced by September 1, 2011.
Directional signage in the agreed-to areas will be completed by December 31, 2010.
Restroom improvements will be completed by December 31, 2010.
Push-pressure to entry doors will be adjusted by September 1, 2010.
Written Policy concerning door at Northwest corner of building to be completed by December 31, 2010.

## Math Sciences Building

Directional signage in the agreed-to areas will be completed by December 31, 2010.
Drinking fountains in the agreed-to locations will be improved/replaced by December 31, 2012.
Handrails in all agreed to areas will be replaced by September 1, 2011.
Thresholds in the agreed to areas will be improved by September 1, 2010.
Restroom improvements will be completed as follows: First/Middle floor improvement will be completed by December 31, 2010. Ground and second floor improvements will be completed by September 1, 2011.

Elevator improvements will be completed by September 1, 2010.

### Library Building

Handrails in all agreed to areas will be replaced by September 1, 2011.
Directional signage in the agreed to areas will be completed by December 31, 2010.
Drinking fountains in the agreed to locations will be improved/replaced by September 1, 2011.
Restroom improvements will be completed by September 1, 2011.
Written policy that primary door between Media Center and Library to remain open at all times when building is open- September 1, 2010.
Elevator improvements will be completed by September 1, 2010.
All other interior element improvements will be completed by December 31, 2010.

### Media Center Building

Handrails in all agreed to areas will be improved and/or replaced by September 1, 2011.
Directional signage in the agreed to areas will be completed by December 31, 2010.
Improvements to Media Center Office (Room LI-36) will be completed by December 31, 2010.
Restroom improvements will be completed by September 1, 2011.
Agreed-to ramp improvements will be completed by September 1, 2012.

### Arts and Humanities Building

Improved signage to be installed by December 31, 2010.
Door-knobs to be replaced with levers by December 31, 2010.
Push-pressure on doors to be checked/adjusted by September 1, 2010.
Accessible cooking station to be installed by December 31, 2012.

### Accessible Parking Facilities and Related Route Walkways

Improvements to parking lots A, C, D, and F – along with agreed to walkways - to be completed by December 31, 2013. Defendant agrees to improve one parking lot by December 31, 2011; two additional parking lots by December 31, 2012; and the final lot by December 31, 2013.

### Shuttle Service

Improvements to the ramps will be completed by September 1, 2010.

### Policy Changes

Agreed-to improvements to forms will be completed by September 1, 2010.
An accessible desk/table (with a disabled student logo) will be added to all classrooms on the campus by September 1, 2010.

### Additional Barriers

Screen installed in the floor of the student bookstore to be removed or relocated by September 1, 2010.